IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LONNIE NORTON,<br><br>                      Plaintiff,<br><br>v.<br><br>TOOELE COUNTY SHERIFF et al.,<br><br>                      Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT**<br><br>Case No. 2:14-CV-763-RJS<br><br>District Judge Robert J. Shelby |

On November 15, 2016, the Court issued an order for Plaintiff to cure his complaint's deficiencies. On April 13, 2017--after another four months of not hearing from Plaintiff--the Court dismissed the complaint for failure to state a claim upon which relief could be granted and to prosecute.

Over three months later, on August 9, 2017, Plaintiff moved the Court for relief from judgment. (Docket Entry # 16.) Plaintiff noted that he "has been moved several times . . . and fears the prison system . . . lost his notice from the court." He said the dismissal came as "a shock, since [he] has been patiently waiting for some time for this lawsuit to proceed." He simply asks that his case be allowed to proceed.

"A litigant whose claim has been dismissed [may] file a motion [for] relief from the judgment under Rule 60(b)." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). Rule 60(b) lets a court "relieve a party . . . from a final judgment" on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). The moving party must show the grounds warranting relief. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011).

Factors showing "excusable neglect" include danger of prejudice to opposing party, length of and reasons for delay, impact on judicial proceedings, whether movant acted in good faith, and underlying merits of claims. *E.g., Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005). "[F]ault in the delay [is] perhaps the most important factor. *Id*. And "[c]arelessness by a litigant . . . does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

Here, Plaintiff neither states nor supports any of the factors to be considered. He blames his delays on his movements around the prison system and his patience with the Court, without suggesting why he did not keep the Court informed of his addresses (as required) or send occasional inquiries about his case's status. It was two years and five months from the time the Court had last heard from Plaintiff until the time he filed a motion to set aside judgment. None of this shows good faith, but instead evinces apathy and carelessness. Prejudice may be inferred from the fact that the actions of which Plaintiff complains are over five years old at this point-- memories and records have likely faded as to the claims' details. Finally, his claims' merits appear thin based on his failure to state a claim and his failure upon asking for reinstatement of his case to submit an amended complaint curing any deficiencies of his original complaint.

IT IS HEREBY ORDERED that Plaintiff's motions for relief from judgment are DENIED. (*See* Docket Entry #s 16 & 17.)

This action remains CLOSED.

DATED this 22nd day of January, 2018.

BY THE COURT:

_____
JUDGE ROBERT J. SHELBY
United States District Court